# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 3, 2011

No. 10-20679

Lyle W. Cayce
Clerk

In Re: In the Matter of The Complaint of tucker Energy Services, Ltd., as Owner and Operator of the Miss Nevelyn for Exoneration from or Limitation of Liability

TUCKER ENERGY SERVICES, LIMITED,

Plaintiff-Appellee

v.

FLAMBEAU ENVIRONMENTAL, INCORPORATED;
FLAMBEAU CONTROLS,

Defendants-Appellants

B.J. CHAUVIN, III,

Claimant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-01265

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20679

Plaintiff-Appellee Tucker Energy Services, Ltd. ("Tucker") filed a limitation proceeding in which Claimant-Appellant B.J. Chauvin III filed a claim for personal injury arising out of his alleged emotional injures incurred when Tucker's vessel, the *Miss Nevelyn*, capsized. The district court concluded that Chauvin could not recover from Tucker based on its determinations, among others not challenged on appeal, that: (1) Chauvin was not a *Sieracki* seaman, (2) Chauvin did not suffer from recoverable mental anguish, (3) it had subject matter jurisdiction, (4) it was not required to dismiss Tucker's limitation proceeding in light of the related litigation subsequently initiated in Trinidad, and (5) G. Fred Liebkemann should be striken as an expert witness. Our careful review of the facts and law as reflected in the record on appeal, and the arguments of the parties as explicated in their briefs, convince us to affirm the rulings of the district court, essentially for the reasons set forth in its opinion. Accordingly, the take-nothing judgment of the district court is, in all respects, AFFIRMED.[1]

---

[1] In so ruling, we deny the Appellants' motion to vacate the judgment of the district court and to dismiss appeal for lack of subject matter jurisdiction.